**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMERICAN-ARAB ANTI-DISCRIMINATION
COMMITTEE, a non-profit organization, and
IMAD CHAMMOUT,

        CASE NO. 03-70235
Plaintiffs,        HON. LAWRENCE P. ZATKOFF

v.

CITY OF DEARBORN, a Michigan municipal
corporation,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY
FEES AND COSTS**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Attorney Fees and Defendant's Motion to Strike. Both motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion for Attorney Fees and Costs is GRANTED.

**II. BACKGROUND**

Plaintiffs filed their Complaint on January 21, 2003 pursuant to 42 U.S.C. § 1983, alleging that Defendant City of Dearborn's special events ordinance was unconstitutional. Both parties eventually moved for Summary Judgment, and on March 8, 2004, the Court granted Defendant's

Motion for Summary Judgment. Plaintiffs appealed the ruling to the Sixth Circuit Court of Appeals. On August 19, 2005, the Sixth Circuit reversed this Court and struck down Defendant's ordinance. On October 25, 2005, this Court awarded Judgment to the Plaintiffs.

Plaintiffs now request an award of prevailing party attorney fees. Following the filing of Plaintiffs' Motion for Attorney Fees, Defendant filed a Motion to Strike. By this motion, Defendant asserts that the Court should strike the Declaration of Plaintiff's attorney William A. Wertheimer, which includes Mr. Wertheimer's billing records, because Mr. Wertheimer's Declaration was not properly filed with Plaintiffs' Motion for Attorney Fees.

### III. ANALYSIS

**A. Defendant's Motion to Strike**

Plaintiffs first filed their Motion for Attorney Fees on September 20, 2005. One week later, on September 27, 2005, Plaintiffs filed an amended motion with the stated intention of amending Plaintiff's Exhibit A to include the billing records of one of Plaintiffs' attorneys, William Wertheimer. Despite this amended motion and its stated purpose, Plaintiffs again failed to properly include Mr. Wertheimer's billing records.

On November 22, 2005, Defendant filed its response brief and asserted that Plaintiffs' fee request of $69,368.75 for the work of Mr. Wertheimer should be denied because Plaintiffs had failed to submit any billing records for Mr. Wertheimer. That same day, Plaintiffs corrected the error and finally submitted Mr. Wertheimer's billing records. *See* Docket #63. On December 22, 2005, Defendant filed a response to Plaintiff's Second Motion for Attorney Fees, and also filed a Motion to Strike Mr. Wertheimer's billing records from the docket sheet.

By this Motion to Strike, Defendant asserts that it was prejudiced in its response to Plaintiffs' Motion for Attorney Fees because it was unable to review Mr. Wertheimer's records. While the Court is sympathetic to Defendant's frustration at Plaintiffs' inability to properly file Mr. Wertheimer's billing records, the Court believes that Defendant could have avoided any prejudicial effect by simply notifying Plaintiffs of the mistake. In addition, the Court accepts Plaintiffs' explanation that their failure to file Mr. Wertheimer's billing records was an honest clerical mistake. Accordingly, the Court HEREBY DENIES Defendant's Motion to Strike and will consider Mr. Wertheimer's billing records in determining a proper fee award.

**B. Plaintiffs' Motion for Attorney Fees**

**1. Legal Standard**

In general, under the "American Rule," parties are required to pay their own attorney fees and are not permitted to collect attorney fees from the opposing party. *See Buckhannon Bd. and Care Home, Inc., v. West Virginia Dep't of Health and Human Servs.*, 532 U.S. 598, 602 (2001). Congress has provided for the award of attorney fees in certain circumstances. Pursuant to 42 U.S.C. § 1988(b), the Court, in its discretion, may award reasonable attorney fees and costs to the prevailing party. In determining what constitutes a reasonable fee, the Supreme Court has held that the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is known as the lodestar method for determining fees. The Supreme Court has further held that the fee applicant must produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). In *Northcross v. Board of Education*, the Sixth Circuit held that the district court should look to the prevailing market rate to determine the reasonableness of the requested rate.

*See Northcross v. Bd. of Educ.*, 611 F.2d 624 638 (6th Cir. 1979).  The Sixth Circuit has also stated:

> Generally, a "strong presumption" favors the prevailing lawyer's entitlement to his lodestar fee.  Accordingly, "modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts.'"

*Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir. 2000).  Lastly, the Sixth Circuit also allows the fee applicant to recover a fee for preparing and successfully litigating the issue of attorney fees.  *See Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986).  In the absence of unusual circumstances, however, these fees, "should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial."  *Id*.

### 2. Requested Amounts

By their September 20, 2005 Motion, Plaintiffs requested attorney fees of $112,625 and costs of $3251.31.  Plaintiffs' requested attorney fees included $69,368.75 for 252.25 hours of work by William Wertheimer at $275 per hour, $35,131.25 for 200.75 hours by Miriam Aukerman at $175 per hour, and $5687.50 for 32.5 hours of work by Michael Steinberg at $250 per hour.  On October 17, 2005, the Court granted a stay as to Plaintiffs' Motion for Attorney Fees until issues regarding the entry of Judgment had been resolved.  The Court entered Judgment in favor of the Plaintiffs on October 25, 2005.  On December 5, 2005, Plaintiffs renewed their Motion for Attorney Fees by filing a Second Motion for Attorney Fees.  By this Motion, Plaintiffs requested an additional $6,261.25 for additional work performed since the filing of the first motion for attorney fees.  Including this additional sum, Plaintiffs now seek an award of $118,886.25 in attorney fees and $3251.31 in costs.

**3. Plaintiffs' Hourly Billing Rates are Unreasonable.**

Defendant challenges the requested fee in a number of ways.  First, Defendant asserts that "[t]he requested rates for Plaintiffs' counsel are higher than the average rate and, therefore, unreasonable."  Defendant's November 22, 2005 Response Brief, at 4.  Defendant refers the Court to the 2003 Michigan Bar survey of billing rates which shows that "Michigan attorneys with 30 – 39 years in practice (Mr. Wertheimer) charge an average of $180.00, attorneys with 15 – 19 years in practice, (Mr. Steinberg) charge an average of $190.00, and attorneys with 5 – 9 years experience charge an average of $168.00." *Id*.

The Court agrees with Defendant that Plaintiffs' requested hourly rate is excessive.  In *Blum v. Stevenson*, 465 U.S. 886, 896, n.11 (1984), the Supreme Court explained:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to-for convenience-as the prevailing market rate.

In the present case, Plaintiffs have failed to satisfy their burden.  Plaintiffs submitted the affidavits of their own attorneys indicating their respective levels of experience.  In addition to these affidavits, the only other submitted by Plaintiffs was the affidavit of Margaret A. Costello of Dykema Gosset, which indicated the rates of comparably situated Dykema Gosset attorneys.  The Court finds that Plaintiffs have not satisfactorily shown that their attorneys' billing rates are in line with the prevailing market rate.

For these reasons, and also based on the Court's own experience with the billing practices within the Eastern District of Michigan, the Court finds that Plaintiffs' requested hourly billing rates

are unreasonable. The Court will award Plaintiffs' attorneys at the following rates pursuant to the average rates of the Michigan Bar survey and pursuant to the Court's own experience in these matters: Mr. Wertheimer – $190 per hour, Mr. Steinberg – $190 per hour, Ms. Aukerman – $170 per hour, Mark Granzatto – $190 per hour.

### 4. Number of Hours Expended by Plaintiffs' Attorneys was Reasonable.

Defendant next challenges the number of hours which Plaintiffs' attorneys expended on the case and asserts that certain billing entries were "inadequate and vague" and should be rejected. The Court disagrees. It is the Court's role to review billing hours in order to determine whether these hours were "reasonably expended." *See Hensley v. Eckerhart*, 461 U.S. at 433. The Court has reviewed the billing records of Plaintiffs' attorneys, giving particular attention to those entries objected to in Defendant's brief, and finds that they are adequate and that any billed hours were "reasonably expended."

### 5. Calculated Fee Award

Based on the billed hours reasonably expended by Plaintiffs' attorneys and based on the above-determined reasonable billing rates, the Court will award a total of $92,628.50[1] for attorney fees.

---

[1] Mr. Wertheimer worked 261 hours at a rate of $190/hour for a fee of $49,590. Mr. Steinberg worked 36.7 hours at a rate of $190/hour for a fee of $6,973. Ms. Aukerman worked 200.75 hours at a rate of $170/hour for a fee of $34,127.50. Mr. Granzatto worked for 10.2 hours at a rate of $190/hour for a fee of $1,938. Accordingly, Plaintiffs' total attorney's fee award is $92,628.50.

## IV. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Plaintiffs' Motion for Attorney Fees and HEREBY DENIES Defendant's Motion to Strike. The Court HEREBY AWARDS Plaintiffs $92,628.50 in attorney fees and $3251.31 in costs.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: January 30, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 30, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290